No. 667 July 30, 2025 185

# IN THE COURT OF APPEALS OF THE STATE OF OREGON

In the Matter of the Contempt Against
Oregon State Hospital.

OREGON STATE HOSPITAL,
*Defendant-Appellant.*

Marion County Circuit Court
24CR30772C; A184792

Thomas M. Hart, Judge.

Argued and submitted June 4, 2025.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Reversed.

**ORTEGA, P. J.**

Oregon State Hospital (OSH) appeals from a contempt judgment for failing to admit a criminal defendant, M, into OSH who was committed under ORS 161.370, which provides for restorative commitments for defendants who lack fitness to proceed. This case raises the same issues as *Lopez v. Oregon State Hospital*, 342 Or App 190, ___ P3d ___ (2025), also decided this date. We conclude, consistent with *Lopez*, that OSH established, as a matter of law, the affirmative defense of inability to comply with the commitment order, ORS 33.055(10), and that the trial court erred in entering a judgment of contempt. Accordingly, we reverse.

As explained more fully in *Lopez*, OSH has been operating under a federal permanent injunction since 2003 that requires OSH to admit criminal defendants no later than seven days after a trial court commits a defendant to OSH for restorative services under ORS 161.370. *Oregon Advocacy Ctr. v. Mink*, 322 F3d 1101, 1123 (9th Cir 2003). In 2022, after OSH fell out of compliance with that order, the federal court issued a new order to address OSH's noncompliance using remedial measures (the federal remedial order). *See Disability Rights Oregon v. Allen*, 3:02-cv-00339-MO, 2022 WL 4009060 (D Or Sept 1, 2022). As relevant here, the remedial order provides:

> "[OSH] shall not admit patients except as provided for by the recommendations in the Neutral Expert's January and June 2022 reports or as otherwise provided by this Court. Namely, Aid and Assist ('A&A') and Guilty Except Insane ('GEI') persons shall be admitted according to their place on the admissions wait list or pursuant to the expedited admissions policy."

*Id.* at 1. That order has been extended by the federal district court, most recently in June 2025. *Disability Rights Oregon v. Hathi*, 3:02-cv-00339-AN, 2025 WL 1604093, at *11 (D Or June 6, 2025).

In this case, on June 18, 2024, the trial court committed M to OSH for restorative services under ORS 161.370. The order provided that the sheriff's office shall transport M to OSH and OSH "shall admit defendant to OSH."[1] M had

---

[1] Unlike the orders in *Lopez*, 342 Or App at 192, and *Johnson v. Oregon State Hospital*, 342 Or App ___ (2025) (nonprecedential memorandum opinion) (slip op

been at OSH and was released on June 14, but shortly after her release she was arrested, leading to the commitment order at issue here. On June 27, on the court's own motion, the court issued an order to show cause why the superintendent or director of behavioral health at OSH should not be held in contempt of the June 18 order and set a hearing for June 28.

At the hearing, OSH argued that it had been in compliance with the federal injunction requiring admission of defendants under an ORS 161.370 order within seven days, but that in April and May, a large number of such orders "caused a bottleneck" resulting in a delay of admissions. Sarah Walker, superintendent for OSH, provided the only testimony at the hearing. As relevant here, she testified that the capacity of OSH is just under 700 patients and "[a]t this point, every available bed is already taken," and without building a new facility OSH cannot expand available beds. She testified that M was on the admission wait list for OSH, that "there are 19 people who are ahead of her that are already scheduled for admission this week," and that "we had a record-breaking number of [ORS 161.370] orders in the last couple of months."

Following Walker's testimony, the court ruled that OSH "willfully failed to protect this person based on her history and I'm finding them in contempt. And I said $2,500 a day until she's admitted to the hospital." The trial court entered a judgment of contempt against OSH, and ordered a remedial fine of "$2500 a day until [M] has been admitted to the Oregon State Hospital for care."

OSH appealed that judgment on July 5. On July 10, the trial court entered an amended general judgment that reduced the imposed fine to a money judgment of $17,500 against OSH, "for the 7 days [M] was not transported to OSH."[2] OSH filed an amended notice of appeal from that judgment.

---

at ___), which stated that "OSH shall admit [the] defendant within 7 days of the commitment order," the commitment order in this case did not order a specific time frame for OSH to admit M.

[2] We understand that the seven days in the July 10 judgment refers to the time between entry of the contempt judgment and the date that M was admitted to OSH.

Contempt of court is willful "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments." ORS 33.015(2)(b). The party bringing a remedial contempt proceeding must prove by clear and convincing evidence, ORS 33.055(11), "(1) that a valid court order exists, (2) the alleged contemnor's knowledge of the order, and (3) the alleged contemnor's willful noncompliance with that order." *State v. Zamora-Skaar*, 308 Or App 337, 351, 480 P3d 1034 (2020). An alleged contemnor may prove inability to comply with the court order by a preponderance of the evidence as an affirmative defense. ORS 33.055(10); *see also Lopez*, 342 Or App at 195.

On appeal, OSH argues that it did not willfully disobey the court's order to admit M to OSH because it could not lawfully comply with that order, and that it established the affirmative defense of inability to comply based on Walker's testimony and the federal remedial order. The arguments advanced by OSH in this case are the same as those raised in *Lopez*. 342 Or App at 196-99.

"We review a contempt judgment for any evidence to support the trial court's findings and, if such evidence exists, we determine whether the court's findings support the conclusion that a party is in contempt[.]" *OEA v. Oregon Taxpayers United*, 253 Or App 288, 303, 291 P3d 202 (2012). With respect to whether OSH established its affirmative defense, "[w]e review to determine whether the uncontradicted evidence in the record entitled [OSH] to prevail as a matter of law." *See, e.g.*, *Ortega v. Martin*, 293 Or App 180, 194, 427 P3d 1103 (2018), *vacated on other grounds*, 366 Or 760, 468 P3d 945 (2020). As in *Lopez*, we conclude that OSH established the affirmative defense of inability to comply as a matter of law.

The uncontroverted testimony of Walker at the contempt hearing established that there were no available beds at OSH and that 19 defendants committed under ORS 161.370 orders were ahead of M on OSH's admission wait list. The terms of the federal remedial order prohibited OSH from admitting patients except as provided in the Neutral Expert's reports or by the federal court. The applicable provision here was that aid and assist and GEI persons "shall

be admitted according to their place on the admissions wait list or pursuant to the expedited admissions policy attached to this order." No reasonable factfinder could find based on that uncontroverted evidence that OSH had the ability to admit M sooner, because it was a "factual impossibility" for OSH to comply with both the federal remedial order and the order in this case.[3]

In sum, we conclude that OSH established, as a matter of law, the affirmative defense of inability to comply, under ORS 33.055(10). As a result, we do not address OSH's arguments regarding the monetary fine ordered by the court.

Reversed.

---

[3] We note that OSH has not offered us a test for "inability to comply" that is different from "factual impossibility," having framed its arguments using the word impossibility. As such, we do not decide in this case whether the appropriate test for the affirmative defense is factual impossibility. *See Lopez*, 342 Or App at 198 n 5 (noting that OSH did not offer a test other than impossibility in that case); *Zamora-Skaar*, 308 Or App at 359 n 11 (same).